UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**QUARION J. JENKINS (#549491)**                              CIVIL ACTION

**VERSUS**

**DARREL VANNOY, WARDEN**                              NO. 15-0294-JWD-SCR

**R U L I N G**

In May, 2015, the *pro se* petitioner, an inmate then confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence entered upon a guilty plea in 2009 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The petitioner asserts, *inter alia*, that his guilty plea was not knowing and voluntary and that he was provided with ineffective assistance of counsel in several respects.

Pursuant to correspondence dated May 11, 2015 (R. Doc. 2), the Court directed the petitioner to either pay the Court's filing fee within fifteen (15) days or, within such time, submit a properly completed motion to proceed *in forma pauperis* and a Statement of Account, blank copies of which were attached to the referenced correspondence. The referenced correspondence further specifically advised the petitioner that "failure to amend the pleadings as indicated will result in the dismissal of your suit by the Court without further notice." *Id.*

A review of the record by the Court now reflects that, despite notice and an opportunity to appear, the petitioner has failed to respond to the Court's directive. Instead, the referenced correspondence, which was forwarded to the petitioner at his record address, has been returned to the Court as undeliverable, with a notation on the returned envelope indicating that the petitioner is no longer confined at DCI. See R. Doc. 3.[1] It thus appears that the petitioner may have lost interest in pursuing this matter since his release or transfer from the referenced facility.

Pursuant to Local Rule 41(b)(4) of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. As a practical matter, the case cannot proceed without an address where the petitioner may be reached and where he may receive pertinent pleadings, notices or rulings. Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of

---

[1] It appears from the notations on the returned envelope (R. Doc. 3) that upon a determination that the petitioner was no longer confined at DCI, prison officials forwarded the Court's correspondence to the petitioner at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. However, the petitioner was not then confined at that facility either, because prison officials noted on the returned envelope that the petitioner was "not at EHCC."

the petitioner to prosecute this proceeding by failing to keep the Court apprised of a current address.

**IT IS ORDERED** that the above-captioned proceeding be **DISMISSED**, without prejudice, for failure of the petitioner to prosecute this proceeding by failing to keep the Court apprised of a current address. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 1st day of October, 2015.

```
_____
JOHN W. deGRAVELLES
UNITED STATES DISTRICT JUDGE
```